UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 4:05CR00393 ERW |
| | ) (TCM) |
| JONATHAN A. BOUSSUM, | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court upon the Report and Recommendation of United States Magistrate Judge Thomas C. Mummert III [doc. # 18] pursuant to 28 U.S.C. § 636(b). On October 3, 2005, the Government filed Objections to the Report and Recommendation [doc. #21]. The Report and Recommendation recommends that Defendant Boussum's Motion to Suppress Evidence [doc. # 13] and Suppress Statements [doc. #14] be granted with respect to the incidents that occurred on June 17, 2003 and denied with respect to the incidents that occurred on October 14, 2003.

"[W]hen a party objects to the report and recommendation of a magistrate judge concerning a dispositive matter, '[a] judge of the court shall make a de novo review determination of those portions of the report or specified proposed findings or recommendations to which objection is made.'" *United States v. Lothridge*, 324 F.3d 599, 600 (8th Cir. 2003) (quoting 28 U.S.C. § 636(b)(1)). The facts are thoroughly detailed in the Report and Recommendation. It does not appear that either of the parties dispute any of the factual findings, and this Court adopts the "Findings of Fact" herein.

The Government objects to the Magistrate Judge's holding that the June 17, 2003 stop of

Defendant was not based on a reasonable suspicion of criminal activity, and thus was an illegal stop. The Government argues that the officers used their specialized experience to form a reasonable belief criminal activity was afoot. The Government argues specifically that (1) it was reasonable for the officer to believe that the package Defendant carried out of the Walgreens store contained pseudoephedrine and (2) the reasonableness of the investigatory stop in this case is supported by prior cases because in other cases with less compelling facts, courts permitted the investigatory stops.

The Government argues that the officer reasonably believed that there were pseudoephedrine pills in the bag carried out of the Walgreen's store. This Court disagrees. As the Magistrate Judge noted, the circumstances of Defendant's purchase did not match the typical purchase of pseudoephedrine by a person purchasing it for illegal reasons. The Defendant was acting "very happy" and drawing attention to himself by swinging his shopping basket over his head instead of acting in a nervous manner and attempting to avoid drawing attention to himself. Further, instead of traveling from one drugstore to the next, Defendant stopped and shopped at an antique mall after buying the pseudoephedrine at Target and before shopping at Walgreens. Furthermore, the officer did not see Defendant purchase pseudoephedrine at Walgreens, and the bag that Defendant carried out of the store could have contained one of thousands of products that Walgreens carries. This Court has independently reviewed the record in this case and adopts the Magistrate Judge's finding that the officers could not reasonably know what was in the bag that Defendant carried out of Walgreens.

The Government likens this case to *United States v. Ameling*. 328 F.3d 443, 445-48 (8th Cir. 2003). The Magistrate Judge distinguished this case and others from the instant case. Specifically, the Government claims that multiple people buying pseudoephedrine at the same store is more likely

to have an innocent explanation that a single person buying pseudoephedrine at multiple stores. In *Ameling*, two people entered a Target store together. *Id*. at 445. Both purchased two packages of pseudoephedrine. *Id*. The two people also walked separately to different cashiers. *Id*. Finally, the officers also had knowledge that defendants had purchased from a nearby Hy-Vee store another item used in manufacturing methamphetamine. *Id*. at 445-46.

The Government objects to the Magistrate's analysis arguing that the totality of the circumstances in this case more strongly supports a finding that the investigatory stop was proper than in *Ameling*. The Government's objection is premised on the assumption that the officers knew Defendant purchased pseudoephedrine at Walgreens following the original purchase at Target. As discussed above, this Court finds that the officers could not reasonably know what was in the bag that Defendant carried out of Walgreens. Furthermore, as the Magistrate Judge noted, the behavior of the defendants in *Ameling* was more consistent with the typical purchase of pseudoephedrine for illegal purposes, and the pseudoephedrine purchases were corroborated with knowledge that the defendant had also purchased another ingredient for methamphetamine manufacturing. Clearly, this case is different than the other cases in which an investigatory stop is proper. In this case, as the Magistrate Judge noted, "Defendant was stopped for no other reason but the officers' suspicion of methamphetamine production based upon one purchase of pseudoephedrine pills and [a] trip to another drug store after an intervening stop at an antique mall."

After review of the record and consideration of the issues, the Court hereby sustains, adopts and incorporates herein the magistrate's Report and Recommendation, as supplemented by the above analysis.

Accordingly,

3

**IT IS HEREBY ORDERED** that Defendant's Motion to Suppress Evidence [doc. #13] is **GRANTED** in part and **DENIED** in part. The Evidence discovered relating to Count I (the June 17, 2003 incident) is **SUPPRESSED**. The Evidence discovered relating to Count II (the October 14, 2003 incident) will **NOT** be **SUPPRESSED**.

**IT IS FURTHER ORDERED** that Defendant's Motion to Suppress Statements [doc. #14] is **GRANTED** in part and **DENIED** in part. The Statements made relating to Count I (the June 17, 2003 incident) are **SUPPRESSED**. The Statements made relating to Count II (the October 14, 2003 incident) will **NOT** be **SUPPRESSED**.

Dated this <u>7th</u> day of October, 2005.

E. RICHARD WEBBER
UNITED STATES DISTRICT JUDGE